**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

**UNITED STATES OF AMERICA**      :
                                  :

        - v. -            :

                                  :     **S2 11 Cr. 986 (GBD)**

**BORIS LISYANSKY,**         :
                                  :

         **Defendants.**     :
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

Alexander Wilson
Harris Fischman
Assistant United States Attorneys

- Of Counsel -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
**UNITED STATES OF AMERICA**                                :
                                                            :
         **- v. -**                                         :
                                                            :         **S2 11 Cr. 986 (GBD)**
**BORIS LISYANSKY,**                                        :
                                                            :
                    **Defendants.**                         :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury in the trial of defendant Boris Lisyansky.

## <u>TABLE OF CONTENTS</u>

**General Requests**

1.    General Requests ....................................................................................................1

2.    The Indictment .......................................................................................................2

3.    Summary of Indictment and the Statute...............................................................3

**Count One: Murder-for-Hire Conspiracy**

4.    Elements of the Offense.........................................................................................5

5.    First Element: Existence of Conspiracy................................................................6

6.    Second Element: Membership in Conspiracy.......................................................8

**Count Two: Murder-for-Hire**

7.    Elements of the Offense.......................................................................................12

8.    First Element: Use of an Interstate Facility ........................................................13

9.    Second Element: Intent that Murder Be Committed...........................................14

10.   Third Element: Murder To Be Committed as Consideration for Anything of Value .......15

**Additional Instructions**

11.   Motive – Not an Element of the Crime................................................................16

12.   Aiding and Abetting.............................................................................................17

13.   Venue ...................................................................................................................19

14.   Cooperating Witness Testimony..........................................................................21

15.   Defendant's Testimony ........................................................................................24

16.   Defendant's Right Not to Testify.........................................................................25

17.   Charts and Summaries .........................................................................................26

18.   Law Enforcement Witnesses................................................................................27

19.     Expert Testimony.............................................................................................28

20.     Persons Not On Trial .......................................................................................29

21.     Uncalled Witnesses – Equally Available or Unavailable to Both Sides............................30

22.     Preparation of Witnesses.................................................................................31

23.     Particular Investigative Techniques Not Required .............................................32

24.     Stipulations .....................................................................................................33

25.     Use of Recordings............................................................................................34

26.     Transcripts Not Evidence.................................................................................35

27.     Statements of Defendant ..................................................................................36

28.     Consciousness of Guilt From False Exculpatory Statement...............................37

29.     Consciousness of Guilt From Destruction of Evidence .....................................38

30.     Conclusion .......................................................................................................39

**REQUEST NO. 1**

**<u>General Requests</u>**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

      a.     Function Of Court And Jury.

      b.     Indictment Not Evidence.

      c.     Statements Of Court And Counsel Not Evidence.

      d.     Burden Of Proof And Presumption Of Innocence.

      e.     Reasonable Doubt.

      f.     Government Treated Like Any Other Party.

      g.     Definitions, Explanations, and Example Of Direct And Circumstantial Evidence.

      h.     Inferences.

      i.     Credibility Of Witnesses.

      j.     Right To See Exhibits And Have Testimony Read During Deliberations.

      k.     Sympathy:  Oath Of Jurors.

      l.     Punishment Is Not To Be Considered By The Jury.

      m.     Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### <u>The Indictment</u>

The defendant, BORIS LISYANSKY, has been formally charged in what is called an Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption, and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

**REQUEST NO. 3**

**<u>Summary of Indictment and the Statute</u>**

The Indictment in this case contains two counts or "charges". Count One of the Indictment charges that, in or about May 2010, the defendant conspired with others to commit murder-for-hire in violation of Section 1958 of Title 18 of the United States Code.

Count Two of the Indictment charges that, in or about May 2010, the defendant committed murder-for-hire in violation of Section 1958.

Section 1958 makes it unlawful for any person to "use[] or causes another to use…any facility of interstate…commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value."

The statute defines "anything of pecuniary value" to mean "anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage."

The statute also makes it a crime for two or more people to <u>conspire</u> to commit the acts that I just described.  Later on in my instructions, I will explain the difference between conspiracy and the substantive crime of murder-for-hire, and instruct you on the elements you have to find with respect to each crime.

For now, just remember that there are two separate counts in the Indictment, and that you must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count.  Whether you find the defendant guilty or not guilty as to one count should

not affect your verdict as to any other count.

> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6;  Honorable
> Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571
> (MBM), <u>aff'd</u> <u>mem</u>., 990 F.2d 622 (2d Cir. 1993); <u>United States</u> v.
> <u>Gregory DePalma</u>, 01 Cr. 1031 (BSJ); 18 U.S.C. § 1958.

**REQUEST NO. 4**

**<u>Count One: Murder-for-Hire Conspiracy</u>**

**<u>Elements of the Offense</u>**

I will now instruct you on the law of conspiracy, which applies to the conspiracy charged in Count One.  In order to sustain its burden of proof with respect to the charge of conspiracy to commit murder-for-hire, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, the existence of the conspiracy charged in the Indictment — in other words, that there was, in fact, an agreement or understanding to violate the federal law prohibiting murder-for-hire.  Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist?

<u>Second</u>, that the defendant knowingly and willfully associated himself with and joined in that conspiracy.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr.19-3;
18 U.S.C. § 1958;  <u>United States</u> v. <u>Barone</u>, 09 Cr. 91 (NRB).

5

**REQUEST NO. 5**

**Count One: Murder-for-Hire Conspiracy**

**First Element: Existence of Conspiracy**

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to commit murder-for-hire.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the defendant and at least one other person to commit murder-for-hire.

6

I will discuss the elements of murder-for-hire when I discuss Count Two of the

Indictment, which charges the substantive crime of murder-for-hire

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr.19-4.

**REQUEST NO. 6**

**Count One: Murder-for-Hire Conspiracy**

**Second Element: Membership in Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the murder-for-hire conspiracy charged in the Indictment existed, you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy. Thus, you must ask yourselves whether the defendant was a member of that conspiracy – that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective. Let me define for you the terms knowingly and willfully.

A person acts knowingly and willfully if he acts voluntarily and purposefully and not because of mistake, accident, mere negligence or some other innocent reason. To have knowledge of a conspiracy's unlawful purpose, it is not necessary that the defendant knew he was violating a particular law. It is enough if he was aware that the purpose of the conspiracy was unlawful in general. The question of whether a person acted knowingly and willfully is a question of fact for you to decide like any other fact question.

This question involves one's state of mind.  Direct evidence of knowledge and intent is almost never available. Science has not yet devised a manner of looking into a person's mind and

8

knowing what that person is thinking. There are no x-ray machines or CAT scans that can show the thoughts within the human mind. Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent. The ultimate facts of knowledge and criminal intent, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.

However, you do have before you the evidence of certain acts alleged to have been taken by the defendant, in his presence, or at his direction. The Government contends that these acts show beyond a reasonable doubt that the defendant had knowledge of the unlawful purpose of the conspiracy. The defendant denies that he was a member of this conspiracy. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that the defendant receive any monetary benefit from participating in a conspiracy, or that he have a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained.

The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his

9

participation. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that mere association of one person with another does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is taking place. In other words, knowledge without participation is not sufficient. What is necessary that the defendant has participated in the conspiracy with the knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it with the purposes of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement, that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its member. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue to be a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from the charge given by the Honorable John F. Keenan in United States v. Rasheen Jordan, 03 CR 399 (JFK) (S.D.N.Y. 2004), and from Sand, Modern Federal Jury Instructions, Instr.19-6.  See also United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability

for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); <u>United States v. Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); <u>United States v. Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**REQUEST NO. 7**

**Count Two: Murder-For-Hire**

**Elements of the Offense**

In order to prove that the defendant committed the crime of murder-for-hire, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that the defendant used or caused someone else to use an interstate facility;

Second, that this use of an interstate facility was done with the intent that a murder be committed in violation of the laws of any State or the United States; and

Third, that the murder in question was intended to be committed as consideration for the receipt of anything of value.

Sand, Modern Federal Jury Instructions, Instr. 60-14

**REQUEST NO. 8**

**<u>Count Two: Murder-For-Hire</u>**

**<u>First Element: Use of an Interstate Facility</u>**

The first element the government must prove beyond a reasonable doubt is that the defendant used or caused someone else to use an interstate facility.

An interstate facility is a vehicle or means of communications that crosses state lines in the course of commerce. Making a cellular telephone call constitutes the use of a facility of interstate commerce regardless of whether the particular communication which is alleged actually crossed a state line.

The use of an interstate facility must have occurred to facilitate or further the commission of the murder. It need not have been the only reason, or even the principal reason, for the use of an interstate facility as long as it was one of the reasons for the travel or use of a facility.

The defendant has been charged with using or causing others to use cellular telephones. If the government has proved these facts beyond a reasonable doubt, then you may find that it has proven the first element of the charge against the defendant.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 60-15.

**REQUEST NO. 9**

**Count Two: Murder-For-Hire**

**Second Element: Intent that Murder Be Committed**

The second element the government must establish beyond a reasonable doubt is that this use of cellular telephones was done with the intent that a murder be committed in violation of the laws of any State or the United States.

The government does not have to prove that the murder was committed or even that it was attempted. It must prove that the cellular telephones were used with the intent to further or facilitate the commission of the murder.

You are thus being asked to look into the defendant's mind and ask what was the defendant's purpose in using cellular telephones. You may determine the defendant's intent from all the evidence that has been placed before you, including the statements of the defendant and his conduct before and after the use of the cellular telephones.

Sand, Modern Federal Jury Instructions, Instr. 60-16.

**REQUEST NO. 10**

**Count Two: Murder-For-Hire**

**Third Element: Murder To Be Committed as Consideration for Anything of Value**

The third element that the government must establish beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of anything of value.

This requires that the government prove that there was a mutual agreement, understanding or promise that something of value would be exchanged for committing the murder.

"Anything of value" means money, negotiable instruments, or anything else the primary significance of which is economic advantage.

Sand, Modern Federal Jury Instructions, Instr. 60-17.

## REQUEST NO. 11

### <u>Motive — Not an Element of the Crime</u>

Let me say a word about the defendants' motive or lack of motive.  Proof of motive is not a necessary element of the crime with which the defendants are charged.  Proof of motive does not establish guilt, nor does want of proof of motive establish that a defendant is innocent.  If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown.  But the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-18.

# REQUEST NO. 12

## Aiding and Abetting

### [*If Applicable*]

I want to now instruct you on the concept of aiding and abetting.

The defendant can be convicted either if he committed the crime charged himself or if he aided and abetted the commission of the crime by one or more people.  It is not necessary for the Government to show that the defendant himself physically committed a crime in order for you to find him guilty.  If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant you are considering aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid and abet another to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associated himself in some way with the crime, and

17

that he willfully and knowingly sought by some act to help make the crime succeed.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

— Did he participate in the crime charged as something he wished to bring about?

— Did he associate himself with the criminal venture knowingly and willfully?

— Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

If he did not, then the defendant is not an aider and abettor, and is not guilty of the offense.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-1 and 11-2.

## REQUEST NO. 13

### Venue

In addition to all the elements I have described for you with respect to each separate count in the Indictment, you must also decide, separately for each count, whether any act in furtherance of the charged offense occurred within the Southern District of New York.

The Southern District of New York includes Manhattan and the Bronx, and all of the waters that surround Manhattan, Brooklyn, Staten Island, and Long Island, the air above those waters, and the bridges over those waters. In this regard, the Government need not prove that any crime was committed in this District or that the defendant was present here. It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District.

Further, if you find that the crime charged is committed in more than one district, venue is proper in any district in which the crime was begun, continued, or completed. Thus, venue will lie in this district, the Southern District of New York, if you find that any part of the crime took place here, whether or not the defendant himself was even in this district. I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

I should note that on this issue of venue — and this alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely

19

than not that an act in furtherance of the offense was committed in this District.

      If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.

> Adapted from the charge of the Hon. Charles S. Haight, Jr., in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from the charge of the Hon. Jed S. Rakoff in United States v. Giovanelli, 01 Cr. 749 (JSR) (S.D.N.Y. 2004) (venue includes waters around Manhattan and bridges over them); Sand, Modern Federal Jury Instructions, Instr. 3-11.  See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue is governed by preponderance standard).

## REQUEST NO. 14

### <u>Cooperating Witness Testimony</u>

You have heard from a witness who testified that he was involved in criminal conduct, and who subsequently pled guilty to his criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury.  If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony.  Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or

21

more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about a cooperation agreement entered into between the Government and the cooperating witness.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible

and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5; from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).  <u>See</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); <u>see</u> <u>also</u> <u>United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 15

## **The Defendant's Testimony**

### [*If Applicable*]

Now, the defendant in a criminal case does not have a duty to testify or come forward with any evidence. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove he is innocent.

In this case, the defendant, BORIS LISYANSKY, has taken the witness stand, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238, 245 (2d Cir. 2006); See United States v. Brutus, 505 F.3d 80 (2d Cir. 2007)(discussing appropriate charges when defendant testifies).

**REQUEST NO. 16**

**<u>Defendant's Right Not to Testify</u>**

**[*If Requested by the Defendant*]**

The defendant, BORIS LISYANSKY, did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

# REQUEST NO. 17

## Charts and Summaries

### [*If Applicable*]

There have been a number of summary charts and exhibits introduced in this case. These charts and exhibits were introduced merely as a summary and analysis of testimony and documents in the case.  The charts and exhibits are here to act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, Modern Federal Jury Instructions, Instr. 5-13.

## REQUEST NO. 18

### <u>Law Enforcement Witnesses</u>

You have heard the testimony of law enforcement agents.  The fact that a witness may be employed by a federal, state, or city Government as a law enforcement agent does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement agent witness and to give to that testimony the weight you find it deserves.

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Martinez</u>, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).

**REQUEST NO. 19**

**Expert Testimony**

You have heard what is called expert testimony from Matthew J. Bernard.

An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he is an expert.  Nor should you substitute his testimony for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-21.

**REQUEST NO. 20**

**<u>Persons Not On Trial</u>**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

> Adapted from the charge of the Honorable Henry F. Werker in <u>United</u> <u>States</u> v. <u>Barnes</u>, 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121, 147 (2d Cir. 1979).

**REQUEST NO. 21**

**Uncalled Witness - Equally Available or Unavailable to Both Sides**

**[*If Applicable*]**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7
and the charge of the Hon. Richard J. Sullivan in United States v.
Peirce, 06 Cr. 1032 (S.D.N.Y. 2008).

**REQUEST NO. 22**

**Preparation of Witnesses**

**[*If Applicable*]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in
> United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM)
> (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl
> in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

**REQUEST NO. 23**

**Particular Investigative Techniques Not Required**

**[*If Applicable*]**

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable  Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC); the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992), and the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 24

### Stipulations

### [*If Applicable*]

In this case, you have heard evidence in the form of stipulations of fact.  A stipulation is an agreement among the parties that certain facts are true.  You must accept the facts in those stipulations as true.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-6.

**REQUEST NO. 25**

**<u>Use of Recordings</u>**

**[*If Applicable*]**

Audio recordings have been admitted into evidence.  Whether you approve or disapprove of these recordings and the recording of conversations as a law enforcement investigative technique may not enter your deliberations.  I instruct you that the recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven each of the defendant's guilt beyond a reasonable doubt.  What weight you give these recordings, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in
<u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM)

34

**REQUEST NO. 26**

**<u>Transcripts Not Evidence</u>**

**[*If Applicable*]**

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the tapes.  It is for you to decide whether the transcripts correctly present the conversations recorded on the tapes that you heard.

Adapted from charge of the Honorable Michael B. Mukasey in
<u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM)

**REQUEST NO. 27**

**<u>Statements of Defendant</u>**

There has been evidence that the defendant made statements to law enforcement authorities. Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-19,
> and from the charge of the Honorable Michael B. Mukasey in
> <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (S.D.N.Y.
> 1999) (in context of government's use of tape recordings).

**REQUEST NO. 27**

**<u>Consciousness of Guilt From False Exculpatory Statement</u>**

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11.

**REQUEST NO. 28**

**<u>Consciousness of Guilt From</u> <u>Destruction of Evidence</u>**

You have heard testimony that the defendant knowingly attempted to have evidence destroyed in this case. If you find that the defendant attempted to destroy evidence in order to impede investigating authorities, you may, but need not, infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not evidence that the defendant attempted to destroy evidence shows that the defendant believed that he was guilty and the significance, if any, to be given to such evidence, are matters for you, the jury, to decide.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-14.

## REQUEST NO. 28

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant BORIS LISYANSKY with respect to Counts One and Two in the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans.  You are judges — judges of the facts —  not representatives of a constituency or cause.  Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

Remember that your verdict must be rendered based solely on the evidence, without fear, without favor, and without prejudice or sympathy.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Dated:   New York, New York
         April 12, 2013

                                   Respectfully submitted,

                                   PREET BHARARA
                                   United States Attorney for the
                                   Southern District of New York

                         By:    _____/s/_____
                                   Alexander Wilson
                                   Harris Fischman
                                   Assistant United States Attorneys
                                    (212) 637-2453/2305