UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                                                      :

UNITED STATES OF AMERICA                    :

     v.                                                   :        11-CR-986 (GBD)

BORIS LISYANSKY                            :

                Defendant.              :
------------------------------------------------------------------x

# DEFENDANT BORIS LISYANSKY'S SUPPLEMENTAL REQUESTS TO CHARGE

 

Melinda Sarafa
SARAFA LAW LLC
747 Third Avenue, Floor 20
New York, NY 10017
Tel: 212-785-7575
Fax: 212-785-7575
msarafa@sarafalaw.com

Beth Farber
Harris O'Brien
111 Broadway, Suite 1502
New York, New York 10006
Tel: 212-785-4275
farber@harrisobrien.com

*Counsel to Defendant Boris Lisyansky*

**REQUEST NO 26**

**Defendant's Theory of the Case**

The defense contends that Boris Lisyansky had an agreement with Jesus Rosa to commit a robbery of Ilya Zavolunov in order to steal his watch, and that Mr. Lisyansky never intended to kill Ilya Zavolunov or his father Mikhail, and never explicitly or implicitly solicited Jesus Rosa to do so.

Mr. Lisyansky is only charged in this case with the murder-for-hire of Ilya and Mikhail Zavulunov.  If you find that the government has not proven beyond a reasonable doubt that he intended to hire Jesus Rosa specifically to commit the crime of murder-for-hire you must acquit of all charges.

### REQUEST NO 27[1]

### Element of Consideration in Substantive Murder Charge

One element of the crime of murder-for-hire that you must find beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of, or as consideration for, a promise or agreement to pay anything of pecuniary value.

I have already defined pecuniary value: it is something of value in the from of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is an economic advantage.

I instruct you that "money" would qualify as something of "pecuniary value" but taking action solely to protect yourself from harm would not be something of "pecuniary value".

"Consideration" is a legal term which means a "bargained for exchange" or a "quid-pro-quo (or at least the promise of such) between parties to the transaction" in this case, Mr. Lisyansky and Mr. Rosa.

In order to convict Mr. Lisyansky of the substantive charge of murder-for-hire

---

[1] <u>United States v. Frampton</u>, 382 F. 3d 213 (2d Cir.2004)(consideration requirement has been interpreted in the "traditional sense of a bargained for exchange" or a "quid-pro-quo (or at least the promise of such) between the parties to the transaction, the murderer and the solicitor.")  <u>United States v. Washington</u>, 318 F.3d 845, 854 (8th Cir. 2003) and <u>United States v. Hernandez,</u> 141 F.3d 1042, 1057 (11th Cir. 1998).  <u>United States v. Gibson</u>, 530 F.3d 606 (7th Cir. 2008).

you must find beyond a reasonable doubt that at the time he and Mr. Rosa entered into the agreement to commit the murder for hire, the consideration, which is the bargained for exchange of promises, was something the "primary significance" of which lay in its "economic advantage" and there was agreement between the parties as to what constituted the substance of the bargained for exchange.

## REQUEST NO 28[2]

## Element of Consideration in Conspiracy Murder-to Hire Charge

One element of the crime of murder-for-hire that you must find beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of, or as consideration for, a promise or agreement to pay anything of pecuniary value.

I have already defined pecuniary value: it is something of value in the from of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is an economic advantage.

I instruct you that "money" would qualify as something of "pecuniary value" but taking action solely to protect yourself from harm would not be something of "pecuniary value".

"Consideration"  is a legal term which means a "bargained for exchange" or a "quid-pro-quo (or at least the promise of such) between parties to the transaction" in this case, Mr. Lisyansky and Mr. Rosa.

In order to convict Mr. Lisyansky of the conspirary charge of murder-for-hire you

---

[2] United States v. Frampton, 382 F. 3d 213 (2d Cir.2004)(consideration requirement has been interpreted in the "traditional sense of a bargained for exchange" or a "quid-pro-quo (or at least the promise of such) between the parties to the transaction, the murderer and the solicitor.")  United States v. Washington, 318 F.3d 845, 854 (8th Cir. 2003) and United States v. Hernandez, 141 F.3d 1042, 1057 (11th Cir. 1998).  United States v. Gibson, 530 F.3d 606 (7th Cir. 2008).

must find beyond a reasonable doubt that at the time he and Mr. Rosa entered into the agreement to commit the murder for hire, that they agreed not only on the intention to commit a murder, but also on the consideration which formed the bargained for exchange.  Accordingly, the government must prove that both Mr. Lisyansky and Mr. Rosa had an agreement on what Mr. Lisyansky was promising to give to Mr. Rosa and what Mr. Rosa was promising to do in exchange for Mr. Lisyansky's promise.

If you find that the government has not proven beyond a reasonable doubt that Mr. Rosa and Mr. Lisyansky were in a agreement about what constituted the consideration for the murder-for-hire and had not both agreed to the same consideration, then you must find that the government has not proven this element of the crime beyond a reasonable doubt and you must acquit.

Dated: April 27, 2013
       New York, NY

                Respectfully submitted,

                s/Melinda Sarafa

                Melinda Sarafa
                SARAFA LAW LLC
                747 Third Avenue, Floor 20
                New York, NY 10017
                Tel: 212-785-7575
                Fax: 212-785-7577
                msarafa@sarafalaw.com

                s/Beth Farber
                Beth Farber
                Harris O'Brien
                111 Broadway, Suite 1502
                New York, New York 10006
                Tel: 212-785-4275
                farber@harrisobrien.com

                *Counsel to Defendant Boris Lisyansky*