UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA,

    -against-

BORIS LISYANSKY,

                           Defendant.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

11 Crim. 986

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se,* moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Reduction of Sentence ("Def.'s Mot."), ECF No. 169.) The Government opposes Defendant's motion. (*See* Ltr. of USA in Opp. to Def.'s Mot. for Compassionate Release, dated Mar. 17, 2023 ("Gov't Opp."), ECF No. 172.) Defendant argues that factors including his incarceration during the COVID-19 pandemic, his rehabilitation, and his immigration status, constitute "extraordinary and compelling" reasons justifying his immediate release. (Def.'s Mot. at 1.) Defendant's motion is DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced on June 25, 2014 to 240 months' imprisonment after being convicted at trial of conspiracy to commit murder for hire and murder for hire, in violation of 18 U.S.C. § 1958. (*See* J., ECF No. 160, at 1–2.) Defendant is currently incarcerated at FCI Yazoo City Low in Mississippi, with a projected release date of March 21, 2031.[1] *See Inmate Locator,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 15, 2023).

---

[1] Defendant previously served a 51-month sentence for an unrelated cigarette trafficking, bank fraud and extortion scheme. (*See* ECF No. 157 at 4; Gov't Opp. at 3.)

1

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).[2] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction."). Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons[.]" United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)–(C). There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

---

[2] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government does not dispute that Defendant has satisfied this administrative requirement. (*See* Gov't Opp. at 3.)

### III. DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HIS RELEASE

Defendant argues that his rehabilitation and participation in educational programming while in prison constitute an extraordinary and compelling reason for his release. The Government disputes Defendant's characterization of his "nearly impeccable" prison conduct, contending that Defendant has received several infractions while incarcerated, including an infraction in April 2022. (Gov't Opp. at 4, fn. 2; ECF No. 172, Ex. A, at 1.) Defendant cites his rehabilitative efforts, good conduct, and involvement in educational programming while incarcerated. However, these do not constitute extraordinary or compelling reasons justifying his release. "[M]aintaining good conduct in prison is not uncommon, and indeed is expected." *United States v. Frazier*, No. 17 Crim. 364-7 (CS), 2023 WL 2139520, at *1 (S.D.N.Y. Feb. 21, 2023) (footnote and citation omitted). As to the Defendant's participation in educational programming, "courts have generally found that participation in such programming is neither exceptional nor unusual." *United States v. Kitroser*, No. 15 Crim. 19-1 (KPF), 2023 WL 3173513, at *4 (S.D.N.Y. May 1, 2023) (collecting cases); *United States v. Bennett*, No. 15 Crim. 95 (JPC), 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) ("[D]istrict courts in this Circuit have widely held that rehabilitation through participation in prison programs . . . does not constitute an 'extraordinary and compelling' justification for release.") (internal quotation marks and citation omitted).

Next, Defendant argues that his incarceration during the pandemic has been unduly harsh, as prison lockdowns have prevented him from receiving regular visits from family members and from participating in educational programs. (Def.'s Mot. at 7–8.) The Defendant's incarceration during the pandemic does not present an extraordinary or compelling justification for his early release. "[C]ourts have consistently recognized that the pandemic itself—without more—does

not present extraordinary and compelling circumstances warranting a compassionate release." *United States v. Felix*, No. 12 Crim. 322 (RJS), 2020 WL 4505622, at *2 (S.D.N.Y. Aug. 4, 2020).

Defendant next argues that his immigration status constitutes an extraordinary and compelling reason for his release. Defendant contends that because he is subject to an immigration detainer, he is ineligible for transfer to a halfway house or to receive a sentence reduction by participating in Residential Drug Abuse ("RDAP") programming. (Def.'s Mot. at 6, 9–10.) Defendant's immigration status does not constitute an extraordinary or compelling circumstance for his release. "Courts, both in this District and elsewhere, have not found that such immigration consequences, without additional preexisting, high-risk health conditions, constitutes an extraordinary and compelling reason for release." *United States v. Nawaz*, No. 16 Crim. 431 (AT), 2020 WL 7773478, at *3 (S.D.N.Y. Dec. 30, 2020) (collecting cases), *reconsideration denied*, 2021 WL 664128 (S.D.N.Y. Feb. 19, 2021).

Finally, Defendant argues that compassionate release is appropriate considering that one of Defendant's victims submitted a letter in support of Defendant's motion.[3] (Def.'s Mot. at 10–11, 117; Def.'s Reply, ECF No. 173, at 1–2.) Defendant's argument is without merit. Courts in this Circuit and others have regularly denied compassionate release where victims have written letters in support of the Defendant's motion. *See United States v. Shereshevsky*, No. 8 Crim. 1092 (DC), 2020 WL 3250729, at *3 (S.D.N.Y. June 16, 2020) (denying compassionate release where victims had written letters in support of Defendant's motion); *United States v. Madoff*, 465 F. Supp. 3d 343, 348 (S.D.N.Y. 2020) (same); *United States v. Maynard*, No. 18 Crim. 395 (CMA),

---

[3] The Defendant orchestrated a murder-for-hire plot that targeted a father and son who operated a rival restaurant in Queens. (PSR ¶ 9.) The father, Ilya Zavolunov, submitted a letter in support of the Defendant's motion, arguing that the Defendant is remorseful for his actions and should be released. (*See* Def.'s Mot. at 117.)

2022 WL 2077951, at *1–2 (D. Colo. June 9, 2022) (denying compassionate release where "several victims" of Defendant's crimes wrote letters in support of his release).

Even if the Defendant's rehabilitative efforts, immigration status, victim's letter, and his incarceration during the pandemic were extraordinary and compelling, the 18 U.S.C. § 3553(a) factors strongly counsel against Defendant's early release. The nature, circumstances, and seriousness of Defendant's offenses indicate that the sentence currently imposed remains sufficient but not greater than necessary in this case. Defendant's current sentence appropriately reflects the gravity of his offenses, the weight of his prior criminal history, and the need for deterrence.

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, Defendant's request for compassionate release is DENIED. The Clerk of Court is hereby directed to close the open motion at ECF No. 169, to mail a copy of this Memorandum and Order to Defendant, and to note the mailing on the docket.

Dated: May 18, 2023
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge